OPINION OF THE COURT
Eileen N. Nadelson, J.
*419 The instant small claims action is based on an allegation of damage to claimant’s car caused by defendant’s negligence. At trial, defendant moved to dismiss the action claiming that the action was barred by the statute of limitations. The action was filed in the Small Claims Clerk’s office within the statutory period, but the notice of the claim was not served within the appropriate time frame.
The question to be resolved by the court is whether the statute of limitations is stopped when a small claims action is filed with the clerk or when it is served on the defendant.
General Municipal Law § 50-i (1) states that
“[n]o action or special proceeding shall be prosecuted or maintained against a city . . . for . . . damage to real or personal property . . . unless, (a) a notice of claim shall have been made and served upon the city . . . and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based . . . .”
The court notes service of the initial 90-day notice is not in dispute.
The general rule for the commencement of actions in New York State courts appears in section 203 of the CPLR. This statute provides for the determination of the starting date of an action based on whether the court in question requires commencement by service or commencement by filing. Therefore, it is incumbent upon this court to ascertain whether small claims actions are commenced by filing or by service.
Pursuant to the provisions of section 400 of the New York City Civil Court Act, actions are commenced in the Civil Court by service of a summons. However, although this is the primary rule for the commencement of Civil Court actions, the statute provides for special rules for claims filed in the Small Claims Part.
Section 1803 (a) of the New York City Civil Court Act states that
“[s]mall claims shall be commenced upon the payment by the claimant of a filing fee . . . without the service of a summons and . . . without the service of any pleading other than a statement of his cause of action by the claimant... to the clerk, who shall reduce the same to a concise, written form and record it in a docket kept especially for such purpose.”
*420 Therefore, it is the clear statutory intent of the Legislature that, for small claims matters, suit is commenced when the matter is filed with the Clerk of the Small Claims Part. Consequently, the court finds that claimant did commence this suit within the statutory time period, and defendant’s motion to dismiss is denied.